UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEE VERNON WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11-CV-54-SNLJ |
| | ) |
| JEFF NORMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #8].

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The amended complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Jeff Norman (Warden), Dorothy Wright (Librarian), Sandria Hutcheson (Librarian), Dwayne V. Kempker (Deputy Divisional Director), and Timothy Seabaugh ("C.C.A.").

Plaintiff alleges that, without any peneological or security objectives, defendant Seabaugh threatened to give him a conduct violation and place him in administrative segregation unless and until he removed his name from a website, "Pen Pals Behind Bars." Plaintiff states that as a direct result of Seabaugh's threat, and in violation of his constitutional rights to receive mail and associate with others, he wrote a letter withdrawing his name from the website, which resulted in the termination of his "healthy-mail-relationship" with another individual. Plaintiff's claims against Timothy Seabaugh are sufficient to proceed at this time.

Plaintiff alleges that defendants Norman and Kempker were put on notice of the problem plaintiff was having with defendant Seabaugh and "failed to act to prevent such from continuing to exist." Plaintiff's claims against defendants Jeff Norman and Dwayne Kempker will be dismissed as legally frivolous. See Boyd v.

Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Rivera v. Goord, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); Watson v. McGinnis, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

Plaintiff further alleges that defendants Hutcheson and Wright, the librarians, interfered with his right of access to the courts when they (1) refused to allow him to enlarge or reduce the size of legal documents on the copy machine; and (2) caused him to miss court deadlines "for motions to be submitted to the Court of the City of St. Louis, Missouri, concerning [his] criminal charge." Plaintiff's allegations do not state an access-to-the-courts claim, because he has not alleged that he suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated). As such, the amended complaint is legally frivolous as to defendants

Dorothy Wright and Sandria Hutcheson, and these claims will be dismissed pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, as to defendant Timothy Seabaugh, the Clerk shall issue process or cause process to be issued on the amended complaint.

**IT IS FURTHER ORDERED** that, as to defendants Jeff Norman, Dorothy Wright, Sandria Hutcheson, and Dwayne V. Kempker, the Clerk shall not issue process or cause process to issue upon the amended complaint, because it is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate order of partial dismissal shall accompany this memorandum and order.

Dated this 25th day of May, 2011

　　　　　　　　　　　　　　　　_/s/ Stephen N. Limbaugh, Jr._
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**