UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEE VERNON WARREN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:11CV0054 SNLJ |
| TIMOTHY SEABAUGH, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions and other materials filed by plaintiff, *pro se*, in this Section 1983 matter (#9, #13, #17, and #22). Each document will be discussed in turn below.

**I.      May 20, 2011 Motion to Incorporate Exhibits (#9)**

On May 3, 2011, this Court ordered plaintiff to file an amended complaint to correct certain deficiencies with his first complaint. Plaintiff filed his Amended Complaint (#8) on May 20, 2011. On the same day, plaintiff filed a motion seeking to have the exhibits attached to his original complaint incorporated with his amended complaint. Although the Court instructed plaintiff that his amended complaint would supersede his original complaint, and although the plaintiff does not explain why he did not attach the exhibits to his amended complaint, the Court will grant plaintiff's motion.

## II. May 31, 2011 Letter to Clerk of the United States District Court (#13)

This letter is addressed to the Clerk of the United States District Court. Plaintiff states that the Court's May 25, 2011 Orders (#10, #11) caused defendant Timothy Seabaugh to "falsely accuse" the plaintiff of a conduct violation (the violation was, apparently, "checking up" on defendant Seabaugh and his family). Although plaintiff's letter is difficult to understand, it appears that, as a result of the conduct violation, he was placed into Administrative Segregation ("AdSeg"). Plaintiff wants the Clerk to issue an Order of Injunction releasing plaintiff from AdSeg. Plaintiff also asks the Clerk to "kindly add the two lad[y] defendants back active on this lawsuit."

The Court is mindful that plaintiff is appearing *pro se* and that he has stated in his filings with this Court that he "does not want" an attorney to represent him. However, plaintiff is required to adhere to the Federal Rules of Civil Procedure. *American Inmate Paralegal Ass'n. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). Those Rules include Rule 7(b)(1), which states, among other things, that "a request for a court order must be made by motion." Plaintiff's letter to the Clerk is therefore improper. Moreover, even if the Court were to entertain such a letter as a motion, it provides absolutely no support for the order plaintiff seeks. Plaintiff's letter will be stricken.

## III. June 28, 2011 Motion for Entry of Clerk's Default (#17)

Plaintiff has requested entry of default against defendant Seabaugh by the Clerk of the United States District Court, stating that defendant's answer to his complaint is past due. Defendant's counsel waived service of process pursuant to Federal Rule of Civil Procedure 4(d)(3); thus, his answer or responsive pleading was due on June 24, 2011. Defendant filed a responsive pleading on June 24. Defendant is not in default, and the motion will be denied.

**IV.     July 28, 2011 First Request for Production of Documents (#22)**

Plaintiff's filing here appears to be a discovery request.  However, plaintiff did not serve the discovery requests on defendant, as required by the Federal Rules of Civil Procedure. Moreover, this case is not yet in discovery.[1]  Plaintiff's motion will be denied.  Plaintiff is advised that discovery requests are not properly filed with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's May 20, 2011 Motion to Incorporate Exhibits (#9) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's May 31, 2011 Letter to Clerk of the United States District Court (#13) is **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff's June 28, 2011 Motion for Entry of Clerk's Default (#17) is **DENIED**.

**IT IS FINALLY ORDERED** that plaintiff's July 28, 2011 Motion to Produce Documents (#22) is **DENIED**.
.

Dated this   15th    day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] In addition, to the extent plaintiff's motion is a motion to compel, plaintiff's motion does not contain a certification that Plaintiff has in good faith conferred or has attempted to confer with defendant in accordance with Federal Rule of Civil Procedure 37(a)(1). The plaintiff is also directed to Local Rule 3.04(A) provides: "[t]he Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel." E.D. Mo. L.R. 3.04(A). As indicated above, the Eighth Circuit has held that pro se litigants are not excused from complying with court orders or substantive and procedural law. *American Inmate Paralegal Ass'n.*, 859 F.2d at 61; *Burgs*, 745 F.2d at 528.